# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) CHRISTIN SMITH, ) ) Defendant. ) | No. 3:05-CV-467 (Phillips) |

## ORDER

Defendant Christin Smith has moved to amend her counterclaim in this matter [Doc. 13]. In support of her motion, defendant states that at the time she met with counsel, she was not fully aware of the terms of the policy in question. Upon review, the extent and the need for a counterclaim became apparent. Defendant avers it has been less than 90 days since the filing of her answer, the counterclaim raises no new issue not within the knowledge of the plaintiff, and the plaintiff will not be prejudiced by allowing the amendment.

Plaintiff opposes the motion, stating that the claims asserted in defendant's counterclaim are preempted by ERISA. At this juncture in the proceedings, the record does not contain sufficient information for the court to evaluate the merits of plaintiff's preemption claim. The issues raised by plaintiff are more properly considered on a motion for summary judgment.

Rule 13(f), Federal Rules of Civil Procedure, provides that when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader may by leave of court set up the counterclaim by amendment. It appears to the court that this is such a case. Accordingly defendant's motion to amend counterclaim [Doc. 13] is **GRANTED.**

Inasmuch as defendant has now amended her pleadings to properly state a counterclaim against plaintiff, plaintiff's motion to dismiss defendant's counter-complaint [Doc. 9] is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

**ENTER:**

　　　　s/ Thomas W. Phillips　　
　　　　United States District Judge