# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:05-CV-467 |
| CHRISTIN SMITH, | ) ) | (Phillips) |
| Defendant. | ) | |

## MEMORANDUM OPINION

This action was filed by Reliance Standard Life Insurance Company to recover an overpayment to Christen Smith under policies issued by Reliance. The Reliance insurance policies are an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Reliance has moved for an equitable lien on the overpayment, while Smith has moved for payment of additional sums she claims are due under the policies at issue. For the reasons that follow, plaintiff's motion for summary judgment will be granted; defendant's motion for summary judgment will be denied; and this action will be dismissed.

## Administrative Record

The administrative record reveals that Reliance issued a group life insurance policy and a group accident policy to Denso. Both policies are part of Denso's employee welfare benefit plan and are therefore governed by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* The decedent

Michael Smith was insured under both policies at the time of his death on October 24, 2004. Defendant Christin Smith, wife of the deceased, was designated as beneficiary of the policies. The decedent had coverage under the life policy totaling $281,000.

Because the decedent had not been insured for a full two years before his death, Reliance initially paid defendant $211,000 in the guaranteed amount under the life policy but held the remaining $70,000 pending a medical history investigation in connection with the contestability clause. The accident policy provided additional coverage totaling $131,000, consisting of $100,000 accidental death benefits, a $25,000 seatbelt and airbag benefit, and a $6,000 survivor benefit.

Reliance issued a single check to Smith totaling $131,000 for the benefits due under the accident policy. Shortly after the accident policy check was issued to Smith, Reliance erroneously issued three additional checks to Smith totaling another $131,000, resulting in an overpayment of $131,000 to Smith. All checks issued to Smith by Reliance have been negotiated by her. According to Smith, the overpaid funds can be traced to stocks that she purchased.

After Reliance realized that an overpayment had occurred, Reliance completed its contestability investigation and concluded that the additional $70,000 benefit under the life policy was payable. The $70,000 benefit and interest of $1,160.28 were subtracted from the overpayment, reducing the balance claimed by Reliance from Smith to $59,839.72. To date, Reliance has not been reimbursed the $59,839.72.

## Analysis

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank,* 916 F.2d 337, 342 (6th Cir. 1990). A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The facts in this case are not disputed. Reliance has moved for summary judgment asserting that it is entitled to an equitable lien on the $59,839.72 overpayment made to Smith plus interest, costs, and attorney's fees.

Smith has filed a cross-motion for summary judgment on the grounds that: (1) Reliance failed to exhaust administrative remedies and the Administrative Record fails

to support Reliance's claim; (2) Reliance seeks to recover money damages under 29 U.S.C. § 1132(a)(3) which section provides only for equitable relief and does not authorize the payment of money damages; and (3) Reliance's complaint fails to set forth a claim upon which relief can be granted because Smith is entitled to supplemental death benefits as the designated beneficiary under the plan for such benefits and that the payments were not made.

The parties agree that the arbitrary and capricious standard of review should be applied in this case because the plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989), the United States Supreme Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115. If the plan grants the administrator or fiduciary the appropriate discretionary authority, the court must review the decision at issue under the "highly deferential arbitrary and capricious standard of review . . . ." *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir. 1996).

Smith argues that Reliance is seeking an award of money damages, which is prohibited under ERISA. To the contrary, Reliance seeks an equitable lien on the remaining balance of the overpayment issued to Smith, and such relief is permitted under ERISA and the applicable law. Pursuant to Section 502(a)(3), as a fiduciary, Reliance is

4

"empowered to bring a civil action . . . to obtain . . . appropriate relief." Although Reliance has identified the relief sought in monetary terms, it is clear that the relief sought is equitable and recoverable under ERISA. Pursuant to the Restatement of the Law of Restitution § 161:

> Where property of one person can by a proceeding in equity be reached by another as security for a claim on the grounds that otherwise the former would be unjustly enriched, an equitable lien arises.

The United States Supreme Court recently addressed the issue of equitable relief under ERISA in *Sereboff v. Mid Atlantic Medical Services, Inc.,* 126 S.Ct. 1869 (2006). The court finds the reasoning in *Sereboff* applicable to the instant case. In *Sereboff,* the plan participants were injured in a motor vehicle accident, and their medical expenses were paid by the plan insurer. When the plan participants filed a tort action in state court relating to the accident, the insurer made a claim for reimbursement from any funds that the participants may have received in the tort litigation. The insurer ultimately filed a separate federal action, pursuant to Section 502(a)(3) of ERISA, for the reimbursement. The relief sought was deemed equitable, as the insurer sought specifically identifiable funds that were within the possession and control of the Sereboffs – that portion of the tort settlement due Mid Atlantic under the terms of the ERISA plan, set aside and preserved in the Sereboffs' investment accounts. In *Sereboff*, the Court held that the claim was equitable because the insurer did not seek to impose personal liability on the Sereboffs. Here, Reliance also is not asking the court to impose personal liability. Rather,

it is asking for an equitable lien on the funds belonging to it and which can be traced to Smith's stock fund.

In *Sereboff,* the Supreme Court noted that "one feature of equitable restitution was that it sought to impose a constructive trust or equitable lien on particular funds or property in the defendants' possession. The Court found that Mid Atlantic could rely on a familiar rule of equity to collect for the medical bills it had paid by following a portion of the recovery into the Sereboffs' hands as soon as the settlement fund was identified, and imposing on that portion a constructive trust or equitable lien.

Reliance does not seek to impose personal liability on Smith. Rather, it seeks relief to restore to itself particular funds or property in Smith's possession. Smith has admitted that the funds have not been dissipated but have been invested in a stock purchase. Accordingly, the court finds that Reliance is entitled to a constructive trust/equitable lien on Smith's stock assets traceable to the overpayment.

In an effort to avoid the question of liability for the overpayment, Smith argues that the lawsuit is premature because Reliance has failed to exhaust its administrative reviews under the Plan. Smith's argument is not supported by the Plan documents, or applicable law. Section 1133 of ERISA provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall –
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been

> denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

Based on this language, courts have imposed a duty on "participants" to exhaust administrative reviews before filing suit. *See Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir. 1991); *Ravencraft v. UNUM Life Ins. Co.,* 212 F.3d 341, 343 (6th Cir. 2000); *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 418 n.4 (6th Cir. 1998). However, the exhaustion requirement is not applicable here for several reasons. Subparts 1 and 2 of Section 1133 indicate that the full and fair review opportunity must be provided to a participant and/or beneficiary. Reliance is neither. Rather, Reliance is the claim review fiduciary.

Further, Section 1133 provides a review only for adverse claim determinations. There has been no adverse claim determination in this case. The policies provide combined coverage of $412,000. Smith has received $473,000, excluding interest paid. During the administrative process, Smith did not dispute the overpayment claim, but rather advised that "it would cost her money to reimburse Reliance as the money is all invested in stocks." Smith never disputed that she was overpaid. As Reliance is not a beneficiary/participant under the plaint, it is not required to exhaust any administrative procedures on the overpayment claim. Moreover, Reliance has never claimed that Smith was not entitled to the full benefit under the policies. It is clear from the administrative

7

record that Reliance made a duplicate payment, in error, resulting in a windfall to Smith constituting unjust enrichment by her, for which an equitable lien is appropriate.

As to Smith's claim for additional payments under the policies, as stated above, Smith was entitled to receive $412,000 under the policies at issue, but due to the duplicate payment, actually received $473,000. Reliance initially paid only $211,000 because the remaining $70,000 was withheld pending the result of a medical review. While that investigation was pending, Reliance twice issued full payment of the $131,000 due under the accident policy, resulting in a windfall $131,000 overpayment to Smith. When Reliance determined that the additional $70,000 was owed along with interest totaling $1,160.28, this additional payment was applied to the prior overpayment, thus reducing the overpayment to $59,839.72. The court does not find Reliance's actions in this matter to be arbitrary or capricious, but supported by applicable case law. The court also finds that Smith has received all benefits due under the policies and is not entitled to more. To the contrary, as a result of the overpayment, Smith has been unjustly enriched in the sum of $59,839.72, for which Reliance will be granted an equitable lien.

Last, Reliance has moved for reasonable attorney's fees, costs, and pre-judgment interest. The court has discretion to award to Reliance reasonable attorney's fees. *See Jordan v. Michigan Conf. Of Teamsters Welfare Fund,* 207 F.3d 854, 860 (6th Cir. 1998); *Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1304 (6th Cir. 1991). The court declines to do so in this case.

## Conclusion

For the reasons set out above, Reliance Standard's motion for summary judgment [Doc. 21] is **GRANTED, as modified,** and Christin Smith's motion for summary judgment [Doc. 19] is **DENIED.** Reliance shall have a constructive trust/equitable lien in the amount of $59,839.72 on the funds in Smith's possession traceable to the overpayment.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge